**FILED**

**June 6, 2019**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 18-0936 – *State v. Beck*

WORKMAN, J., concurring:

While I concur in the majority's substantive response to the reformulated certified question in this case, I write separately because I believe the new syllabus point, as constructed, is unwieldy and improperly injects the concept of "circumstantial evidence" into the analysis. As is well-established, in West Virginia:

> There should be only one standard of proof in criminal cases and that is proof beyond a reasonable doubt. Once a proper instruction is given advising the jury as to the State's heavy burden under the guilt beyond a reasonable doubt standard, an additional instruction on circumstantial evidence is no longer required even if the State relies wholly on circumstantial evidence.

*State v. Guthrie*, 194 W. Va. 657, 663, 461 S.E.2d 163, 169 (1995). Therefore, the distinction created in the syllabus point that cache files may serve as *circumstantial* evidence is entirely unnecessary and confusing inasmuch as this Court has made clear that "there is no qualitative difference between direct and circumstantial evidence." *Id*., at 669, 461 S.E.2d at 175. It is not the place of this Court, in the vacuum of a certified question, to label a piece of evidence as "direct" or "circumstantial," nor dictate for unforeseen circumstances and cases the exclusive manner in which a piece of evidence must be used.

The reason for the majority's adamant inclusion of the term "circumstantial" is undoubtedly because of its reliance on *New v. State*, 755 S.E.2d 568 (Ga. Ct. App. 2014) to craft its syllabus point. However, in Georgia, the distinction between direct and circumstantial evidence is critical because Georgia, by statute, treats convictions based

1

solely on circumstantial evidence differently: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Ga. Code Ann. § 24-14-6 (2013).

West Virginia has expressly rejected this distinction:

> In adopting *Jackson* [*v. Virginia,* 443 U.S. 307 (1979)]*,* we necessarily overturn our long established rule that when the State relies upon circumstantial evidence, in whole or in part, for a court to sustain the verdict all other reasonable hypotheses need be excluded by the prosecution save that of guilt.

*Guthrie*, 194 W. Va. at 668, 461 S.E.2d at 174.[1] This is why a common jury charge or instruction in West Virginia advises the jury that: "The law makes no distinction between

---

[1] As we observed in *Guthrie*, "there is substantial conflict among the states" regarding whether circumstantial evidence must be treated differently as pertains to criminal convictions. 194 W. Va. at 669 n.8, 461 S.E.2d at 175 n.8. This Court's jurisprudence previously mimicked that of the Georgia statute and stated that circumstantial evidence would not support a guilty verdict unless the fact of guilt was proved to the exclusion of every reasonable hypothesis of innocence. *See State v. Noe*, 160 W.Va. 10, 15, 230 S.E.2d 826, 829–30 (1976). However, in *Guthrie*, the Court overruled *Noe*, agreeing with the United States Supreme Court's statement that "where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect. . . . [because] [c]ircumstantial evidence in this respect is intrinsically no different from testimonial evidence." *Holland v. United States*, 348 U. S. 121, 139-40 (1954). This Court expressly adopted the *Jackson/Holland* rule in *Guthrie*.

Accordingly, there may well be other jurisdictions that also constrict cache file evidence to "circumstantial" evidence of certain pornography violations, but those are no doubt also the same jurisdictions that continue to maintain those evidentiary distinctions, unlike West Virginia.

the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case." *See* CRIMINAL LAW INSTRUCTIONS MANUAL FOR THE STATE OF WEST VIRGINIA, § 5.04 7th edition, 2018.

This Court's syllabus points should be crafted in a manner consistent with our precedent and should not cast uncertainty on long-established principles. Signed opinions containing original syllabus points have the highest precedential value because the Court uses "uses original syllabus points to announce new points of law or to change established patterns of practice by the Court"; therefore, legal accuracy is crucial. *State v. McKinley*, 234 W. Va. 143, 153, 764 S.E.2d 303, 313 (2014). The majority's inclusion of this evidentiary distinction is particularly troubling in that it may suggest that the Court is modifying our existing law as cited herein. That was not the intention of the Court, but the syllabus point as stated leaves that in doubt.[2]

Accordingly, I believe the new syllabus point, properly phrased, should read:

> In a prosecution for a violation of West Virginia Code § 61-8C-3(a)(2014), images of minors engaged in sexually explicit conduct found in temporary Internet cache files on a defendant's computer are evidence of constructive

---

[2] Moreover, the majority's unnecessary insistence upon including "pro[of] beyond a reasonable doubt" *twice* in the syllabus point—a standard well-known and obviously applicable to the elements of any criminal offense—almost suggests that only this particular facet or this factual predicate of a violation of West Virginia Code § 61-8C-3(a) need meet that burden. Surplusage such as this creates needless imprecision and lack of clarity that does the bench and bar a disservice.

"possession," where the defendant knew of the cached images and exercised dominion and control over them. The cache files may otherwise constitute evidence that the defendant violated West Virginia Code § 61-8C-3(a) by sending or causing to be sent or distributed, exhibiting, or electronically accessing with intent to view or display or transporting such material.

With consideration of the foregoing, I concur.